## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

THE THOMAS L. PEARSON AND THE
PEARSON FAMILY MEMBERS
FOUNDATION,

        Plaintiff and
        Counterclaim
        Defendant,

vs.

THE UNIVERSITY OF CHICAGO,

        Defendant and
        Counterclaimant.

Case No. 18-CV-99-GKF-FHM

## OPINION AND ORDER

Following a hearing and supplemental briefing, this order resolves the outstanding

issue in Plaintiff's Motion to Compel, [Dkt. 54], which addresses what, if any, discovery

Plaintiff may obtain concerning the Defendant's faculty appointments for the Pearson

Institute. Plaintiff seeks broad discovery into the faculty hiring process contending that the

information is relevant to its claim that Defendant breached the parties' agreement in

making the faculty appointments. Defendant contends that this aspect of Plaintiff's suit is

not viable because the parties' agreement specifically denied Plaintiffs any role or authority

concerning faculty appointments. Defendant further contends that Plaintiff's broad

discovery would impair its faculty hiring process. In an attempt to resolve the issue,

Defendant offers to provide some limited discovery which would not include Defendant's

evaluation of candidates.

Plaintiff is entitled to discovery concerning its claims and Defendant's defenses.

Fed.R.Civ.P. 26(b). At this stage, the faculty appointments claim remains in the case as

the Court did not dismiss the claim in its Opinion and Order on Defendant's Motion to

Dismiss. [Dkt. 46]. Therefore, Defendant's argument that the claim lacks merit is not a basis to deny Plaintiff's requested discovery.

Concerning Defendant's argument that Plaintiff's broad discovery into the faculty hiring process will impair the process, several considerations counsel against this as a basis to deny discovery. First, when confronted with the issue a unanimous Supreme Court held that the faculty evaluation and hiring process was not privileged, nor was discovery in this area subject to a heightened standard. *University of Pennsylvania v. EEOC*, 493 U.S. 182, 110 S.Ct. 577, 107 L.Ed.2d 571 (1990). Second, the discovery is highly relevant, perhaps even essential, to proof of Plaintiff's faculty appointments claim and the information is uniquely in Defendant's control. The relevance is further demonstrated by Defendant's intent to rely in some measure on its appointment process in defending the faculty appointment claim. To fully and fairly litigate its faculty appointment claim, the broad discovery Plaintiff seeks, including discovery of the standards Defendant applied, is necessary. Defendant's offer of limited discovery is not sufficient. Finally, there is a protective order in the case which will limit further dissemination of the information.

The court appreciates the sensitive nature of employment files in general and in particular peer evaluation, hiring processes, information provided by candidates for faculty positions, and information supplied by third parties to the University. Therefore, the court is open to consideration of limitations on depositions or contacts with witnesses concerning this area as discovery progresses.

Plaintiff's Motion to Compel, [Dkt. 54], is GRANTED as to Interrogatory No. 5 and Request for Production of Document Nos. 24 and 31.

SO ORDERED this 3rd day of May, 2019.


FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE