**BartlitBeck** LLP

Faye E. Paul
Faye.Paul@BartlitBeck.com

Courthouse Place
54 West Hubbard Street
Chicago, IL 60654
main: (312) 494-4400
direct: (312) 494-4460

BartlitBeck.com

August 7, 2019

**Via Email**

P. Scott Hathaway
Conner & Winters, LLP
4000 One Williams Center
Tulsa, OK 74172-0148
SHathaway@cwlaw.com

Re: *The Thomas L. Pearson and The Pearson Family Members Foundation v. The University of Chicago* (Civ. Act. No. 18-cv-99-GKF-FHM – N.D. Oklahoma)

Dear Scott:

I write in response to your July 31 letter and August 6 email, and to memorialize our discussion about the issues and questions the Foundation raised during our July 31 call about the Foundation's discovery requests and the University's production.

Interrogatory No. 17

We explained that this request is overly broad and unduly burdensome, especially because many parts of the request—for example, the titles of Professors Myerson, Dube, and Blattman, and the mission of the Pearson Institute—are not relevant to any issue in dispute. The University does not compile or track changes to the listed websites in the ordinary course of business and thus the burden to compile the requested information is undue and not proportionate to the needs of the case.

If the Foundation is willing to narrow the request to modifications to Institute Director Robinson's title on the Faculty Page of the Pearson Institute website (https://thepearsoninstitute.org/faculty-scholars/faculty) for a specific time period, the University would be willing to provide that information. Please confirm whether the Foundation is willing to narrow its request.

Request No. 38

In your July 2 letter, you noted that this request (as compared to Request No. 2) is targeted at documents related to "the resignation of candidates for the Forum Executive Director

EXHIBIT D

**BartlitBeck**ᴸᴸᴾ

P. Scott Hathaway
August 7, 2019
Page 2 of 4

position and specifically asks for documents related to both individuals who have now held this title." As we explained during the call, the Foundation's complaint alleges that the University anticipatorily repudiated the 2018 Forum (although the Forum did in fact occur) and raises no claims regarding individuals who have held the position of Forum Executive Director. In light of that, re-doing document collections in order to capture documents related to these two individuals would pose a significant burden that is not proportionate to the needs of the case.

### Request No. 39

We explained that your request for documents "describing or evidencing the expenditure of *any and all* funds on behalf of the Pearson Institute" (7/2/19 Hathaway Ltr.), is overly broad, unduly burdensome, and disproportionate to the needs of the case. This request is not tied to any allegation in the complaint, relevant to any claim or defense in the case, nor does the Grant Agreement provide a basis for this request.

### Request No. 40

We explained that the request for Professor Myerson's expenditures at the Pearson Institute is not relevant to any claim or defense. You stated that it is your understanding from your clients that there were activities paid for by the Pearson Institute for Professor Myerson before his appointment that were not proper. We are not aware of what you are referring to and as noted above, we do not believe this request is relevant; however, if you have additional information about the basis for this request, we will evaluate it.

### 2019 Pearson Global Forum

As explained during our call and in my July 18 letter, the planning of the 2019 Pearson Global Forum is not relevant to any issue in dispute. In light of that collecting, reviewing and producing documents related to the 2019 Forum is unduly burdensome and disproportionate to the needs of the case.

### Ongoing Collections

As I explained during our call and in my July 18 letter, it is not reasonable or proportionate to the needs of this case for the University to collect documents from its 20+ custodians on a continuing basis throughout the litigation. Ongoing collections only serve to prolong discovery and increase costs for both parties. If the Foundation has a proposal for a narrow set of search terms for specific custodians that is aimed at issues for which there are likely to be relevant documents within the last year, the University will consider such a proposal.

**BartlitBeck** LLP

P. Scott Hathaway
August 7, 2019
Page 3 of 4

Search Terms from Court's March 13 Order

As I explained during our call, the University has reviewed all documents that were identified with the additional search terms the Court ordered on March 13. Any responsive non-privileged documents from that search that have not already been produced are part of the documents the University has been re-reviewing for confidentiality and will be produced shortly.

University's Document Productions

As I explained on the call, the University is nearly finished re-reviewing the confidential designation for approximately 12,000 documents. The University undertook that re-review at the Foundation's request. We expect to produce those documents with the re-reviewed designation next week.

Evernote Files

The examples in your letter are emails, and we did not see any issues with the production images for them. If you identify Evernote files that are difficult to review, please let us know the corresponding Bates numbers for those documents, and we will double-check the production.

Recordings

We are searching for and will produce the files referred to in your letter. If you identify other examples of audio files that you believe are responsive and have not been produced, please let us know and we will look for them.

Interrogatory No. 9

We will supplement this interrogatory to identify the bates ranges for invitations we identify after a reasonable review.

Anne Richard and Gary Edson Subpoenas

As I explained during our call, Ms. Richard and Mr. Edson object to these subpoenas—seeking *all* documents related to the Pearson Institute and Forum—as overly broad, unduly burdensome, and not sufficiently tied to any issue in dispute. The burden is particularly disproportionate because Ms. Richard and Mr. Edson are third parties.

As I noted, Ms. Richard and Mr. Edson would consider responding to a narrowed request. Please confirm whether the Foundation is willing to narrow the scope of its subpoena.

**BartlitBeck** LLP

P. Scott Hathaway
August 7, 2019
Page 4 of 4

Regards,

*[signature]*

Faye E. Paul

cc: Counsel of Record