IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE THOMAS L. PEARSON and THE PEARSON FAMILY MEMBERS FOUNDATION,<br><br>    Plaintiff and<br>    Counterclaim Defendant,<br><br>vs.<br><br>THE UNIVERSITY OF CHICAGO<br><br>    Defendant and<br>    Counterclaimant,<br><br>vs.<br><br>THOMAS L. PEARSON,<br><br>    Counterclaim Defendant. | Case No. 18-CV-99-GKF-FHM |

## OPINION AND ORDER

Plaintiff's Second Motion to Compel From The University of Chicago, [Dkt. 78], is before the undersigned United States Magistrate Judge for decision. The matter has been fully briefed. [Dkt. 78, 88, 90].

Plaintiff requests that the court set a date certain for completion of production of documents. Defendant has represented that production was completed during the pendency of this motion, [Dkt. 88, p. 4], that representation was not disputed in the reply brief. This issue is moot.

Plaintiff requests a ruling of the court about the scope of Plaintiff's Complaint. [Dkt. 78, p. 14]. The court has addressed specific discovery disputes raised by Plaintiff's motion, but declines to provide any commentary outside of that necessary to resolve those disputes.

Interrogatory No. 17

As modified in Plaintiff's Opening Brief, [Dkt. 78, p. 8], this interrogatory requires Defendant to identify every change or modification to several identified websites "or any other publication relating or referring to The Pearson Institute" with regard to the title of Professor Robinson. Defendant states it has produced a list of changes that are responsive to this interrogatory and that it is willing to produce old versions of the webpages if Plaintiff supplies a narrowed date range. Plaintiff replies that narrowing the time frame from website launch in April 2017 to the last revision in 2018 would not be reasonable.

The Motion to Compel is GRANTED in PART as to Interrogatory No. 17. The court finds that Defendant has not demonstrated that providing copies of old versions of webpages for the date range would be unduly burdensome. Defendant is required to produce those pages. The court finds that Plaintiff's request for similar information from unspecified "other publications" relating to The Pearson Institute is too unspecific to require Defendant to respond.

Request for Production No. 38

This request for production of documents seeks:

> all documents relating to the consideration, recruitment, search for, hiring, and resignation of candidates for the Forum Executive Director position, including without limitation documents related to both individuals that have held this title.

[Dkt. 78, p. 10]. Defendant responded that Request No. 38 is duplicative of materials produced in response to Request No. 2. Plaintiff asserts that Request No. 2 sought documents relating to the search for, naming of, replacement of, change in title to, or appointment of the Forum Executive Director, among other positions. *Id*. According to

2

Plaintiff, Request No. 38 is different in that it also seeks documents related to the resignation of a Forum Executive Director and asks for documents for both individuals who have held the title. In response to the Motion to Compel, Defendant states that the additional documents requested are not relevant because Plaintiff has not pled any allegations that would encompass the requested discovery, as the Forum Executive Director is not even mentioned in the Complaint. Defendant asserts that, in view of the absence of any allegation concerning the Forum Executive Director, it should not be required to re-collect documents from the numerous custodians, apply new search terms, and review what is likely to be a significant number of additional documents because the burden of production is not proportional to the needs of the case.

Plaintiff states that, having produced some documents regarding the position of Forum Executive Director, Defendant has now decided that the information is no longer within the scope of discovery. [Dkt. 78, p. 10]. The court is aware that much effort was expended developing ESI search terms and identifying custodians so as to capture the universe of documents that might address Plaintiff's claims. It does not appear that Defendant has changed its position about the scope of discovery, but that documents responsive to the ESI search terms were produced The fact that some documents addressing the Forum Executive Director were produced does not justify the expansion of discovery with additional ESI search terms to encompass areas of inquiry relating to resignation or termination.

The court notes that Plaintiff has not specified what claim the additional discovery would address, but generally asserts that information concerning the resignation or termination of a key employee is highly relevant to its claims because the documents "are

3

likely to shed light on the disarray and mismanagement within The Pearson Institute and the University of Chicago that is the genesis of Plaintiff's claims in this case." [Dkt. 78, pp. 10-11]. The court finds that Plaintiff has not articulated the relevance of the additional production sought by Request No. 38 and further finds that the additional burden imposed by production responsive to that request is not proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

The Motion to Compel is DENIED as to Request No. 38.

### Request For Production No. 39

This request seeks production of all documents describing or evidencing the expenditure of any and all funds on behalf of The Pearson Institute. Defendant objected to the request as appearing to require it to produce every receipt for every expenditure on behalf of The Pearson Institute and The Pearson Global Forum. [Dkt. 78, p. 11]. The court finds that the request is overly broad. Plaintiff has offered nothing to justify the level of detail sought by this request.

In its motion Plaintiff states that it would accept a single document, such as a general ledger or other regularly kept business record that reflects expenditures. *Id.* Plaintiff notes that in its counterclaim Defendant asserts it has incurred significant expense in operating The Pearson Institute. *Id.* at p. 12. Defendant responds that producing the general ledger goes beyond Plaintiff's allegations and the terms of the Grant Agreement.

Defendant has produced annual budgets and annual reports. Defendant represents that the detailed budgets already provided include a line-by-line year end variance against each year's budget and also reflect that the Harris School has

4

contributed a significant amount to The Pearson Institute.  Defendant states that Plaintiff's broad request has not been justified, would require continual update by the Defendant, and notes that Plaintiff's claim for breach of fiduciary duty was dismissed.

Plaintiff has not articulated why the budgets and annual reports are insufficient to demonstrate the amounts being spent on behalf of the Pearson Institute and the Pearson Global Forum.[1]  Plaintiff mentions a footnote contained in the March 31, 2017 draft operating plan and budget that asserted Defendant's right to charge millions of dollars of operating expenses paid by the Harris School of Public Policy against The Pearson Institute's funds as being related to its claim of the breach of the duty of good faith and fair dealing.  [Dkt. 78, p. 12].  However, Plaintiff does not explain how the production of the general ledger or more detailed financial information will address this issue.

The Motion to Compel is DENIED as to Request for Production No. 39.

<u>Documents Related to the 2019 Pearson Global Forum</u>

Plaintiff assert that documents related to the 2019 Pearson Global Forum are responsive to a list of discovery requests that are listed in a footnote, [Dkt. 78, p. 14, n.1],[2] but that Defendant will not produce the responsive documents because Plaintiff has not pled allegations related to the 2019 Global Forum.  In its response brief Defendant asserts that the only claim pertaining to the Pearson Global Forum is that the University anticipatorily repudiated its obligation to hold the Forum in 2018.  At the time of Defendant's response brief, the planning for the 2019 Forum was in its final stages and it

---

[1] The court has given no consideration to the vague and unsupported statement contained in Plaintiff's reply brief that the University has failed to disclose critical information concerning operating expenses so that the continued viability of The Pearson Institute and the Pearson Global Forum is no longer guaranteed.

[2] Although the motion to compel is not being denied on this basis, the court notes that Plaintiff has not complied with LCvR 37.2 (d) which requires that an opening brief in support of a discovery motion "shall include a verbatim recitation of each [discovery request] . . . which is the subject of the motion."

5

was scheduled to be held on October 18-19 in Berlin, Germany. Given the planning, and the number of people involved, Defendant states that production of documents related to the 2019 Forum would require the University to collect, review, and produce tens of thousands of additional documents. Defendant asserts this is unduly burdensome because there are no allegations related to the 2019 Forum. In its reply brief, Plaintiff states that the documents related to the 2019 Forum when compared to 2018 will demonstrate the level of planning and preparation for the 2018 Forum, which is at issue.

It is inconceivable that production of all documents related to the 2019 Pearson Global Forum would be proportional to any matter at issue even if some information about the planning and execution of the 2019 Pearson Global Forum may be relevant to Plaintiff's claims.

The Motion to Compel is DENIED as to the 2019 Pearson Global Forum.

### Conclusion

Plaintiff's Second Motion to Compel From The University of Chicago, [Dkt. 78], is GRANTED in Part and DENIED in Part, as set out herein.

SO ORDERED this 22nd day of October, 2019.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE