**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| THE THOMAS L. PEARSON AND THE PEARSON FAMILY MEMBERS FOUNDATION, | ) ) ) ) | |
| Plaintiff and Counterclaim Defendant, | ) ) ) | |
| v. | ) ) | Case No. 18-CV-99-GKF-FHM |
| THE UNIVERSITY OF CHICAGO, | ) ) ) | |
| Defendant and Counter-Claimant. | ) ) ) | |
| AND | ) ) | |
| THE UNIVERSITY OF CHICAGO, | ) ) ) | |
| Counterclaimant and Defendant, | ) ) ) ) | |
| v. | ) ) | |
| THE THOMAS L. PEARSON AND THE PEARSON FAMILY MEMBERS FOUNDATION, | ) ) ) ) | |
| Counterclaim Defendant and Plaintiff, | ) ) ) | |
| THOMAS L. PEARSON, | ) ) | |
| Counterclaim Defendant. | ) ) | |

## OPINION AND ORDER

The University of Chicago's Sealed *First Motion to Compel,* [Dkt. 103], has been fully briefed, [Dkts. 112, 117], and is ripe for decision. By its motion, Defendant seeks an Order compelling Plaintiffs to produce documents sufficient to show Plaintiffs' financial capacity to make the payments required under the contract. Defendant argues the

financial information is relevant to Defendant's counterclaims, Plaintiffs' affirmative defenses to Defendant's counterclaims, and a provision of the contract concerning insolvency. Plaintiffs object to the motion arguing that the requested information is not relevant to the claims or defenses in this breach of contract case. The court agrees with Plaintiffs and therefore DENIES the motion.

While in no way minimizing the importance of this case to the parties, the dispute is a straight forward breach of contract case focused on whether Defendant performed its obligations under the contract. Plaintiffs claim Defendant did not perform its obligations and therefore Plaintiffs do not have to make payments under the contract. Defendant counterclaims that it did perform its obligations and therefore Plaintiffs must make the payments. The issue on both Plaintiffs' claim and Defendant's counterclaim is whether Defendant breached the contract.

Defendant's argument that the financial information is relevant to test Plaintiffs' defense to the counterclaim, i.e., that Defendant breached, by showing instead that Plaintiffs did not have the financial ability to pay is unpersuasive. Although a Plaintiff's reason or motive for claiming a Defendant breached a contract may be relevant when other issues, such as acquiescence and estoppel or bad faith and punitive damages are present, no such issues are present in this case. Whether Plaintiffs had the ability to pay is not relevant to whether Defendant breached. Defendant's actions, not Plaintiffs' financial ability, is the issue on both Plaintiffs' claim and Defendant's counterclaim.

Defendant also argues that the financial information is relevant to Plaintiffs' affirmative defenses of invalidity and unenforceability. Again, the court disagrees.

Plaintiffs' financial situation has no relevance to these issues which again focus on Defendant's conduct.

Finally, Defendant argues that the financial information is relevant to a provision in the contract concerning insolvency.  But Plaintiffs have not asserted that provision as a reason for not making the payments.  Plaintiffs' financial ability to make the payments under the contract is simply not relevant to the claims or defenses in the case.

Defendant's *First Motion to Compel* [Dkt. 103], is DENIED.

SO ORDERED this 2nd day of January, 2020.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE