# THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| The Thomas L. Pearson and The Pearson Family Members Foundation, and Thomas L. Pearson, individually,<br><br>    Plaintiffs and Counterclaim Defendants,<br><br>v.<br><br>The University of Chicago,<br><br>    Defendant and Counterclaimant. | Case No. 18-CV-99-GKF-FHM |

## OPINION AND ORDER

Plaintiffs' *Motion to Compel Appointment of Special Master to Review University of Chicago's Privilege and Other Redactions*, [Dkt. 115], has been fully briefed, [Dkts. 120, 122], and is ripe for decision.

Plaintiffs seek appointment of a special master to review all of the documents Defendants withheld or redacted contending there are a large number of facially questionable redactions. Plaintiffs also point out that when 8 examples were brought to Defendant's attention, Defendant re-reviewed the documents and produced two of them to Plaintiffs which contained relevant non-privileged information. Plaintiffs argue this shows a 25% error rate and demonstrates the need to review all 1,500 withheld or redacted documents.

Defendant opposes the appointment of a special master as unnecessary and inefficient. Instead, Defendant proposed that Plaintiffs, in good faith, identify the facially questionable redactions and Defendant will re-review those documents. If a dispute

remains after good faith consultation between counsel, the documents can be reviewed *in camera* by the court.[1]

In light of the relatively small number of documents, the court finds that Defendant's suggested procedure is more efficient and better meets the needs of the case. If a dispute remains after good faith efforts by counsel to resolve the issues, the documents at issue, along with a brief annotation of Defendant's basis for the redaction, shall be submitted to the undersigned for *in camera* review. The court expects a high level of cooperation between counsel in this process including Defendant being as informative to Plaintiffs as possible as to the basis for the redactions.

Finally, concerning the issues of student information and sensitive irrelevant redactions, the court finds that it is appropriate for Defendant to redact information that fits these descriptions.

Plaintiff's *Motion to Compel Appointment of Special Master to Review University of Chicago's Privilege and Other Redactions*, [Dkt. 115], is DENIED.

SO ORDERED this 13th day of January, 2019.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

---

[1] In keeping with this concept, Defendant submitted the 6 documents withheld after re-review for *in camera* inspection and the court finds that the redactions were appropriate.